*336
 
 Weygandt, C. J.
 

 Fortunately many of the facts relating to this unfortunate accident are not in dispute. Nor is there any dispute as to the applicable principles of law.
 

 In the morning of that day the plaintiff met a man named Milton Barnett who owned an old coupe with a small, homemade, two-wheeled trailer attached. Barnett was engaged in the business of doing various kinds of hauling, and he employed the plaintiff that day to assist in loading and unloading the trailer which was approximately eight feet long and four feet wide with sides about one foot high.
 

 First they hauled rubbish to the city dump. Then in the afternoon they undertook to haul a load of household furnishings for a man named Brailey. As they proceeded in a westerly direction on Consaul street they approached the crossing of the defendant railroad. Barnett, the owner of the coupe and trailer, was driving. Brailey and his wife were riding on the seat beside Barnett. The plaintiff rode in the left rear corner of the trailer behind the load of furniture. He sat on an inverted bucket on which he placed his gloves for a cushion. He faced forward. He wore an overcoat which he borrowed from Brailey. The weather was cold, and because of the fact that he was using his gloves for a cushion, he sat in a stooped position with his hands between his legs. He did not look to his right or left until the coupe and trailer were starting to cross the railroad tracks. Then he looked to his left and saw a slowly backing freight train about eighteen feet distant. As the coupe and trailer proceeded across the tracks, the plaintiff arose from his sitting position and stood with his right hand on a rope which held a refrigerator in place. Neither the coupe nor the trailer was struck by the train, but the plaintiff jumped or was thrown into its path, and his legs were crushed.
 

 
 *337
 
 In his petition the plaintiff alleged four specifications of negligence. On the ground that there was no evidence to support them, the trial court withdrew three of these from consideration by the jury. In the remaining specification the plaintiff charged the defendant with negligence “in negligently and carelessly failing to maintain said crossing as a good and sufficient crossing, in that said crossing was extremely rough and had large ruts and holes therein.” There was evidence to support this, and in response to an interrogatory the jury found that the defendant was negligent in this respect.
 

 In its answer the defendant alleged that “even if defendant were negligent in any of the respects alleged in the petition, which it expressly denies, the plaintiff himself was guilty of negligence which directly and proximately caused and contributed to cause the injuries of which he complains.” The trial court instructed the jury that the plaintiff himself was negligent in riding in the trailer in violation of a municipal ordinance prohibiting any person from riding on any vehicle “not designed or intended for the use of passengers when the vehicle is in motion.” However, the court submitted to the jury the question whether the plaintiff’s negligence directly and proximately contributed to cause his injuries. A majority of the Court of Appeals held that this action by the trial court was correct.
 

 Was it?
 

 In his opinion the dissenting judge said in part :
 

 “In the instant case, plaintiff voluntarily placed himself in a precarious position. The trailer was a two-wheeled affair attached to the passenger car. Plaintiff must have been aware that enroute it would sway from side to side and the bed would bob up and down over any rough portion of the highway, as well
 
 *338
 
 as any increase or decrease of speed. He must have also been aware that any jolt would tend to throw him to one side or the other and even out of the trailer. He elected to sit on an upturned bucket in the left rear corner of the trailer. He made no effort to hold on, but sat with his overcoat collar turned up about his head. He sat bent over at approximately a right angle to avoid the cold. He had removed his gloves and was sitting on them on the bucket, with his hands between his legs. He made no effort to look, although he could have seen to the left and right of the furniture piled on the trailer. In hunching over behind the furniture, it was impossible for him to see straight ahead. As a result, he did not see the flasher lights guarding the crossing and did not see the train until it was 18 feet away from him, just as the automobile arrived on the track. He then stood up in the trailer, grabbed the rope holding the furniture, the trailer hit a bump and he was knocked loose from the rope and fell beneath the wheels of the caboose.
 

 “Under such circumstances, the plaintiff voluntarily placed himself in a precarious position and exercised no care whatsoever for his own protection. He did not look or listen; he did not hold onto the sides of the trailer or to the furniture (which apparently was securely tied by the rope), or to the rope itself. Had he even sat on the floor of the trailer, instead of on top of the insecure bucket, he might not have been thrown out. Under such circumstances, he was acting in reckless disregard for his own safety and was guilty of negligence as a matter of law.
 

 “Did such negligence contribute proximately, as a matter of law, to his injury? Failure to look or listen when approaching a railroad crossing is negligence as a matter of law contributing proximately to an injury.
 
 Patton
 
 v.
 
 Railroad, supra
 
 [136 Ohio St., 159, 24 N. E. (2d), 597]. * * *
 

 
 *339
 
 “I am therefore of the opinion that reasonable minds could not differ that plaintiff was guilty of negligence proximately contributing to his injury as a matter of law and that a verdict should have been directed for the defendant.”
 

 A study of the evidence in this case discloses an almost unbelievable combination of negligent acts on the part of the participants in this sorry affair. First, the jury found that the defendant railroad company was negligent in failing to maintain the crossing in a safe condition. Next, Barnett, the owner and operator of the coupe and trailer, was guilty of shocking negligence in risking the lives of four people by driving past the flashing signal lights and on to the tracks in front of the plainly visible approaching train just a few feet away. He well knew the rough condition of the crossing, inasmuch as he had previously driven over it that very day. He was not called as a witness. It was something of a miracle that the awkward coupe-trailer combination escaped being struck and demolished. And, finally, if the plaintiff himself had deliberately attempted to place himself in danger, it is to be wondered how he could have been more successful. A municipal ordinance prohibited him from riding in the trailer. But to make matters worse, instead of sitting on the floor of the trailer where he would have had at least some protection against being thrown out over the sideboards and end gate by the jolting and swaying common to trailers, he placed himself on about as insecure a contraption as could be found, namely, an inverted bucket which, of course, could easily overturn and also would be likely to slide about on the floor of the trailer. In addition to this, the plaintiff testified that he did not look where they were going until he happened to glance up and saw the approaching train eighteen feet away. And then he did
 
 *340
 
 the worst thing he eonld have done; he
 
 stood up
 
 in the trailer as it swayed and jolted across the tracks, with the almost inevitable result that he was thrown or jumped to the ground in the path of the train.
 

 Under these circumstances this court is of the view that as a matter of law the plaintiff, like the defendant and the driver of the coupe, was negligent and that this negligence of his contributed directly and proximately to cause his injuries. It is the settled law of this state that such contributory negligence precludes recovery by the plaintiff.
 

 To sustain his contention that the issue of proximate cause presents a question for the jury, the plaintiff cites and relies on the decision of this court in the case of
 
 Smith
 
 v.
 
 Zone Cabs,
 
 135 Ohio St., 415, 21 N. E. (2d), 336. However, it is important to note the distinguishing statement that such issue “is one for the jury
 
 provided the state of the record is such that reasonable minds may differ on the conclusions to be drawn from the evidence on that issue.”
 
 (Italics supplied.)
 

 The judgment of the Court of Appeals must be reversed and final judgment rendered for the defendant.
 

 Judgment reversed and final judgment for defendant.
 

 Matthias, Hart, Zimmerman, Stewart, Taft and Faught, JJ., concur