MILLHORN, APPELLEE, *v.* THE DONALDSON BAKING CO., APPELLANT.

(No. 5109—Decided October 4, 1961.)

*Mr. Ray J. McGowan,* for appellee.
*Messrs. Buckingham, Doolittle & Burroughs,* for appellant.

HUNSICKER, J. Ruby Millhorn brought an action in the Common Pleas Court of Summit County, Ohio, against The

502

Donaldson Baking Company for personal injuries claimed to have been suffered by her while riding as a passenger in an automobile driven by her husband. The accident occurred at the intersection of State Routes 303 and 91, in the village of Hudson, Summit County, Ohio.

James E. Dixon, while acting as a route salesman for The Donaldson Baking Company, was driving one of their 1953 Chevrolet trucks west on State Route 303. At that time Mr. Millhorn was also headed west, but was stopped for a traffic light at the road intersection. Mr. Dixon saw that the traffic light at the intersection was red, and that the Millhorn automobile was stopped pursuant to the traffic signal. At this time Mr. Dixon was traveling 30 to 35 miles per hour. This truck moved forward at a declining rate of speed until within approximately four car lengths of the Millhorn automobile, when he applied the foot brake. This foot brake did not function at all, and the truck hit the rear of the Millhorn automobile, causing certain claimed personal injuries to Mrs. Millhorn.

The truck of The Donaldson Baking Company was equipped with an emergency brake, which also operated by pressing a foot lever located to the left of the regular foot brake. Mr. Dixon did not attempt to use this emergency brake or to change the course of his truck.

At the trial of the cause in the Common Pleas Court, the Judge there presiding said:

"* * * the court says to you that it has been established without controversy that the defendant was negligent * * * so as to cause the collision, and that the collision caused some injury to the plaintiff."

The jury returned a verdict for Mrs. Millhorn. From the judgment on that verdict, The Donaldson Baking Company appeals on questions of law to this court, saying:

"The trial court's direction of a verdict for the plaintiff on the issue of negligence was prejudicial error, as the issue was within the province of the jury."

The problem before this court is to determine whether the failure to stop within the assured clear distance ahead (as set out in Section 4511.21, Revised Code), because of the sudden failure of the foot brake to operate, and when there was no attempt to deviate the course of the motor vehicle or to use the

emergency brake, was negligence as a matter of law, causing the injuries Mrs. Millhorn claims she suffered. In other words, does a sudden failure of one of the two brakes, when applied during the operation of a motor vehicle, furnish a legal excuse for failure to observe the standard of care established by Section 4511.21, Revised Code? What is the legal effect of a fail ure of one brake to function, when such failure results in injury to a passenger in an automobile then lawfully on the highway?

Section 4511.21, Revised Code, says in the pertinent part:

"No person shall operate a motor vehicle, trackless trolley, or streetcar in and upon the streets and highways at a speed greater or less than is reasonable or proper, having due regard to the traffic, surface, and width of the street or highway and any other conditions, and no person shall drive any motor vehicle, trackless trolley, or streetcar in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

Section 4513.20, Revised Code, says in the pertinent part:

"(A) Every trackless trolley and motor vehicle, other than a motorcycle, when operated upon a highway shall be equipped with brakes adequate to control the movement of and to stop and hold such trackless trolley or motor vehicle, including two separate means of applying the brakes, each of which means shall be effective to apply the brakes to at least two wheels. * * * "* * *

"(G) Every trackless trolley, motor vehicle, or combination of motor-drawn vehicles shall be capable at all times and under all conditions of loading of being stopped on a dry, smooth, level road free from loose material, upon application of the service or foot brake, within the following specified distances, or shall be capable of being decelerated at a sustained rate corresponding to these distances:

"(1) Trackless trolleys, vehicles, or combinations of vehicles having brakes on all wheels shall come to a stop in thirty feet or less from a speed of twenty miles per hour.

"(2) Vehicles or combinations of vehicles not having brakes on all wheels shall come to a stop in forty feet or less from a speed of twenty miles per hour.

"(H) All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as prac-

ticable with respect to the wheels on opposite sides of the trackless trolley or vehicle.''

We have searched for Ohio cases with a factual situation similar to the instant case, but fail to find any bearing on the questions we must determine. In other jurisdictions we have found but few cases where, because of defective brakes, there have been rear-end collisions resulting in physical injury to the occupant of the automobile which was lawfully occupying the highway. See: *McManus* v. *Edmunds*, 11 App. Div. (2d), 740, 204 N. Y. Supp. (2d), 801; *Alarid* v. *Vanier*, 50 Cal. (2d), 617, 327 P. (2d), 897; *Leisenring* v. *E. Herlan Lumber Co.*, 18 Ill. App. (2d), 610, 152 N. E. (2d), 892; *Turner* v. *Scanlon, Jr.*, 146 Conn., 149, 148 A. (2d), 334. In none of these cases was the question of failure to stop in the assured clear distance ahead a factor in the judgment rendered. These cases discussed only the problem of sudden brake failure.

Many other cases of sudden brake failure at road intersections are reported, but none we have found discusses the problem presented herein.

The Supreme Court of Ohio has, so far as we have been able to discover, never said that all cases beyond the control of the person charged with a violation of the statute concerning stopping within the assured clear distance are a justification or excuse for failure to obey the statute. That court has repeatedly stated that the only excuse is: when ''such assured clear distance ahead is, without his fault, suddenly cut down or lessened by the entrance, within such clear distance ahead and into his path or line of travel, of some obstruction which renders him unable, in the exercise of ordinary care, to avoid colliding therewith.'' *Smiley* v. *Arrow Spring Bed Co.*, 138 Ohio St., 81.

Ohio has not, so far as we have been able to discover, adopted the rule, in collisions such as we have in the instant case, that where, because of circumstances not known to the driver of a motor vehicle, such driver may excuse or justify the violation of a statute fixing a standard of care, by evidence that he did what might reasonably be expected of a person of ordinary prudence acting under similar circumstances.

The driver of the vehicle in the instant case admitted that he had, as the law required, a second brake, which he did not use because he did not have time to apply it. This second brake,

by statute, was required to be as effective as the first, and to operate independently of such other brake. Section 4513.20, Revised Code. The lack of time to apply the brake and hence stop the automobile has never been an excuse for failure to observe the statute; and, if we are to accept such an excuse for failure to stop within the assured clear distance ahead, we would, in effect, nullify all pronouncements made with reference to the strict construction now applied to Section 4511.21, Revised Code.

There is nothing in the evidence before us to indicate that the second braking system required by statute was not in good working order. We must therefore assume that such other brake was able to stop the bakery truck if it had been applied.

We subscribe to the rule laid down in the third paragraph of the syllabus in *Kormos* v. *Cleveland Retail Credit Men's Co.*, 131 Ohio St., 471, wherein it is said that:

"3. An operator who has failed to comply with the 'assured clear distance' statute may excuse such failure and avoid the legal imputation of negligence *per se* by establishing that, without his fault, and because of circumstances over which he had no control, compliance with the law was rendered impossible."

It must be remembered, however, that a failure to use a second braking system has never been considered a legal excuse for a violation of the assured clear distance requirement of the statute.

We therefore determine that the failure to apply the second brake and stop the truck within the assured clear distance ahead was a violation of the statute, and hence negligence as a matter of law.

The contention is made that, even though the matter of failure to stop in the assured clear distance ahead was not complied with, nevertheless, there remains the question of proximate cause, which in all events was a matter that should be submitted to the jury.

The question of proximate cause is ordinarily one of fact; but where the evidence, as here, is not in conflict, and there can be no question but that the failure to comply with the rule of conduct set out in the statute was the cause of the claimed injury, then proximate cause ceases to be a question of fact and becomes a question of law. It is such a situation that exists in this case. *Cobb, Jr., Admr.,* v. *Bushey*, 152 Ohio St., 336.

We cannot conclude this opinion without quoting from the case of *Bickel* v. *American Can Co.*, 154 Ohio St., 380, at p. 386, wherein the court said:

"It may be said that in a case like the present one the assured-clear-distance statute creates a harsh rule, and that is true. It is a rule, however, not formulated by the courts but declared by an enactment of the General Assembly which doubtless had in mind the creation of a hard and strict rule of conduct in order to attempt to lessen the tragic increase of automobile casualties which so grievously afflict this nation."

This may be considered a harsh rule which we announce; but as between an innocent, lawful occupier of the highway, and one who is operating a partially disabled truck on the public thoroughfare, the burden should fall on him who did not use all the facilities at hand to prevent the injury about which complaint is made.

We have examined the claims of error, and find no prejudice to the substantial rights of the appellant. The judgment must therefore be affirmed.

*Judgment affirmed.*

STEVENS, P. J., concurs.
DOYLE, J., dissents.