BIRD, APPELLANT, *v.* HART, APPELLEE.   (Two cases.)

(Nos. 38690 and 38691—Decided March 31, 1965.)

*Mr. Frank J. Longano,* for appellants.
*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Don Burk-holder,* for appellee.


*Per Curiam.* In running into the vehicle ahead of her, defendant failed to stop within the assured clear distance ahead, in violation of the specific requirements of Section 4511.21, Revised Code. Unless her conduct was legally excused, such violation constituted negligence per se.

Under the authority of *Spalding* v. *Waxler,* 2 Ohio St. 2d 1, the operator of a motor vehicle has control over its brake equipment and the maintenance thereof, and he has a statutory duty to maintain the brakes in good working order at all times. Ordinary care is not sufficient to constitute compliance. Therefore, the brake failure in the instant cases was a self-created emergency. Such an emergency cannot serve as a legal excuse for failure to comply with the assured-clear-distance-ahead provision of Section 4511.21, Revised Code.

Under the circumstances, there was no issue of sudden emergency or unavoidable accident in the cases. It was, there-

fore, error to give an instruction on the subject. See *Ricks* v. *Jackson,* 169 Ohio St. 254, 257.

In the instant cases, defendant was negligent as a matter of law. Although the question of proximate cause is ordinarily one for the jury (see *White* v. *Ohio Power Co.,* 171 Ohio St. 148; *Clinger* v. *Duncan,* 166 Ohio St. 216), reasonable minds could only conclude that in the instant cases defendant's negligence was the proximate cause of the collision. The trial court should, therefore, have directed verdicts in favor of plaintiffs on the question of liability and submitted only the question of damages to the jury. See *Kehrer* v. *McKittrick,* 176 Ohio St. 192. The judgments of the Court of Appeals are, therefore, reversed.

*Judgments reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

ZIMMERMAN, J., dissents.

SCHNEIDER, J., not participating.

ZIMMERMAN, J., dissenting. My view is that the majority holdings in the instant cases and in the case of *Spalding* v. *Waxler,* 2 Ohio St. 2d 1, establish too drastic a rule against the driver of a motor vehicle who is unfortunate enough to collide with another vehicle due to a sudden failure of brakes or other equipment of which he had no prior warning and which he had no reason to foresee. He is now made virtually an insurer and cannot rely on the affirmative defense of unavoidable accident except in a very limited number of instances.

To my way of thinking, whether a particular occurrence involving a sudden, unexpected and unforeseen failure of motor vehicle equipment may constitute an unavoidable accident is a factual question for determination by the trier of the facts. Of course, the burden of proof rests on the one who asserts such defense.

It seems to me that my position is in harmony with the principle announced in paragraph two of the syllabus of *Satter-*

*thwaite* v. *Morgan,* 141 Ohio St. 447, 48 N. E. 2d 653, where it was held that one "who has failed to comply with a safety statute regulating the operation of motor vehicles may excuse such failure and avoid the legal imputation of negligence arising therefrom by establishing that, without his fault and because of circumstances over which he had no control, compliance with the statute was rendered impossible." See, also, *Bush, Admr.,* v. *Harvey Transfer Co.,* 146 Ohio St. 657, 67 N. E. 2d 851, paragraph two of the syllabus; and *Kormos* v. *Cleveland Retail Credit Men's Co.,* 131 Ohio St. 471, 3 N. E. 2d 427, paragraph four of the syllabus. Compare *Millhorn* v. *Donaldson Baking Co.,* 117 Ohio App. 501, 193 N. E. 2d 88.

Another case lending support to the position taken in this dissent is *Lehman* v. *Haynam,* 164 Ohio St. 595, 133 N. E. 2d 97, an automobile collision case, where defendant got over onto the wrong side of the road, and in which a unanimous court decided that a motorist who, while driving, becomes suddenly stricken by a fainting spell or loses consciousness from an unforeseen cause and is thereby unable to control his vehicle is not chargeable with negligence, and such fainting or loss of consciousness is a defense to an action based on negligence if such loss of consciousness was not foreseen.

It is reasonable to suppose that the trier of the facts would entertain a sympathetic attitude toward a blameless plaintiff who sustained injuries in a motor-vehicle collision and would not absolve defendant on his claim of unavoidable accident unless he plainly showed the existence of such a situation.

I think that the judgments of the Court of Appeals herein, which court affirmed the judgments of the Court of Common Pleas, should be affirmed.