[Cite as *Wagner v. Kretz*, 2017-Ohio-8517.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

JOHN E. WAGNER, ET AL.,

    PLAINTIFFS-APPELLANTS,          CASE NO. 1-17-24

    v.

DANIEL KRETZ, ET AL.,              O P I N I O N

    DEFENDANTS-APPELLEES.

Appeal from Allen County Common Pleas Court
Trial Court No. CV2016 0278

**Judgment Affirmed**

Date of Decision:   November 13, 2017

**APPEARANCES:**

    *Gordon D. Evans* **for Appellants, John & Linda Wagner**

    *J. Alan Smith* **for Appellee, City of Lima**

    *Christopher W. Carrigg* **for Appellee, Daniel Kretz**

**ZIMMERMAN, J.**

{¶1} Plaintiff-Appellants John and Linda Wagner (collectively referred to as "Appellants") appeal the Allen County Common Pleas Court's Judgment Entry granting summary judgment in favor of Defendant-Appellees Daniel Kretz ("Kretz") and the City of Lima (collectively referred to as "Appellees") and dismissing Appellants' Complaint. On appeal, Appellants assert that the trial court erred by determining a grant of summary judgment was appropriate under the Doctrine of Primary Assumption of Risk. For the reasons that follow, we affirm the ruling of the Allen County Common Pleas Court.

*Factual Background*

{¶2} On May 26, 2014, Appellant John Wagner ("John") was riding on a parade float representing the Allen County Patriots, as part of a local Memorial Day Parade. The parade float represented a military funeral. The float was constructed upon an aluminum flatbed trailer, and featured a fake casket draped in the American flag; a wrought iron tripod with a flower arrangement; and six wooden folding chairs upon which "mourners" could sit. John Wagner was responsible for the float's design and provided the wrought iron tripod, the flower arrangement, and the six (6) wooden folding chairs used by parade participants to sit upon while riding on the float. The casket and wrought iron tripod were strapped down to the trailer bed, while the wooden folding chairs were not secured to the trailer bed.

{¶3} The float was towed by a pick-up truck operated by Kretz, who, when after the parade concluded, commenced to return the float to the starting location of the parade on North Elizabeth Street in Lima. Appellants, and other members of the Allen County Patriots, remained on the float for the return trip. While driving on North Elizabeth Street, Kretz's truck hit a four-foot long by six-foot wide defect in the road, resulting in those on the float falling off their chairs and/or the float. John's fall (from the float) resulted in serious injuries, wherein he incurred approximately $200,000 in medical bills.

*Procedural Background*

{¶4} On May 17, 2016, Appellants filed a complaint for injuries against Kretz, Tom Ahl Dealership, the City of Lima, Dominion East Ohio Gas Company, Jim's Excavating, and John Does 1-10, in the Allen County Court of Common Pleas. Specifically, Appellants alleged that Kretz negligently operated the truck pulling the parade float; that Kretz was acting within the course and scope of his employment with Tom Ahl Dealership, making them liable under the doctrine of Agency by Estoppel; that the City of Lima, Ohio created the defect/pot hole on the road in question and/or failed to properly maintain the road which made the road defective and/or dangerous for use; that Dominion East Ohio Gas Company created the pot hole/defect on the road in question and failed to repair it; that Jim's Excavating created the pot hole/defect in question, and failed to repair it; and finally, that Linda

Wagner, because of the accident on the parade float, had lost the comfort, care, services, and consortium of her husband, John. (Doc. No. 1). All defendants filed an answer to Appellants' Complaint. One of the named defendants, Dominion East Ohio Gas Company, filed a cross-claim against the City of Lima. In turn, the City of Lima filed a cross-claim against Dominion East Ohio Gas Company, Kretz, and Jim's Excavating. (Doc. Nos. 8, 9, 10, 11, 13, 16, 17, 18, 19, 20).

{¶5} On January 23, 2017, Dominion East Ohio Gas Company voluntarily dismissed its cross-claim against the City of Lima. (Doc. No. 58). On January 30, 2017, the City of Lima voluntarily dismissed its cross-claim against Dominion East Ohio Gas Company. (Doc. No. 59). Further, and also on January 30, 2017, Appellants voluntarily dismissed Dominion East Ohio Gas Company and Jim's Excavating as defendants. (Doc. Nos. 60, 61). On February 1, 2017, Dominion East Ohio Gas Company voluntarily dismissed its cross-claim against Kretz. (Doc. No. 62).

{¶6} On April 3, 2017, Tom Ahl Dealership and the City of Lima filed motions for summary judgment with briefs in support in the trial court. (Doc. Nos. 76-78). Kretz joined Tom Ahl Dealership, in part, in its motion for summary judgment. (Doc. No. 79). On April 13, 2017, Appellants filed a memorandum contra to the City of Lima's Motion for summary judgment, to which the City of

Lima replied to on April 25, 2017. (Doc. No. 81). On April 27, 2017, Appellants voluntarily dismissed Tom Ahl Dealership as a party defendant.

{¶7} On May 19, 2017, the Allen County Common Pleas Court issued its decision pursuant to Civ.R. 56, granting summary judgment to the two remaining defendants, City of Lima and Kretz. (Doc. No. 94). Specifically, the trial court found that Appellants' claim was barred under the doctrine of primary assumption of the risk, finding that the Appellants participated in an inherently dangerous activity when riding on a parade float. (*Id.* at 7). From this entry Appellants timely appeal and present the following assignment of error for our review:

### ASSIGNMENT OF ERROR NO. I

**THE TRIAL COURT ERRED BY DETERMINING A GRANT OF SUMMARY JUDGMENT WAS APPROPRIATE UNDER THE DOCTRINE OF PRIMARY ASSUMPTION OF RISK.**

*Appellant's First Assignment of Error*

{¶8} In their sole assignment of error, Appellants assert that the trial court erred by determining that John Wagner primarily assumed the risk of injury by participating on a parade float. Specifically, Appellants argue that the trial court incorrectly ruled that riding on a parade float in a Memorial Day Parade was an inherently dangerous activity. For the reasons that follow, we disagree.

*Standard of Review*

**{¶9}** An appellate court reviews a trial court's decision on a motion for summary judgment *de novo*. *Hancock Fed. Credit Union v. Coppus,* 2015-Ohio-5312, 54 N.E.3d 806, ¶ 15 (3rd Dist.). Trial courts may grant a motion for summary judgment when "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made." *Hamilton v. Hector,* 117 Ohio App.3d 816, 819, 691 N.E.2d 745 (3rd Dist.1997). Additionally, "'upon appeal from summary judgment, the reviewing court should look at the record in the light most favorable to the party opposing the motion.'" *Id.* quoting *Campbell v. Hosp. Motor Inns, Inc.,* 24 Ohio St.3d 54, 58, 493 N.E.2d 239 (1986).

*Negligence and Primary Assumption of the Risk*

**{¶10}** "A successful negligence claim requires the plaintiff to prove that the defendant owed a duty." *Cave v. Burt,* 4th Dist. Ross No. 03CA2730, 2004-Ohio-3442, ¶ 14. The existence of a duty is a question of law for the court to decide. *Id.*

**{¶11}** However, "[p]rimary assumption of the risk is applied to cases where there is no duty owed by the defendant to the plaintiff." *Booth v. Walls,* 3rd Dist. Henry No. 7-12-23, 2013-Ohio-3190, ¶ 48. "Whether to apply primary assumption

of the risk is a matter of law for the court to decide." *Id.* Since "'a successful primary assumption of risk defense means that the duty element of negligence is not established as a matter of law, the defense prevents the plaintiff from even making a prima facie case." *Id.* quoting *Wolfe v. Bison Baseball, Inc.,* 10th Dist. Franklin No. 09AP-905, 2010-Ohio-1390, ¶ 21 quoting *Gallagher v. Cleveland Browns Football Co.,* 74 Ohio St.3d 427, 432, 1996-Ohio-320, 659 N.E.2d 1232 (1996).

**{¶12}** "In order to succeed on a primary assumption of the risk defense, it must be shown that (1) the danger is ordinary to the activity; (2) there is common knowledge that the danger exists; and (3) that the injury occurs as result of the danger during the course of the activity." *Id.* at ¶ 49 citing *Santho v. Boy Scouts of Am.,* 168 Ohio App.3d 27, 2006-Ohio-3656, 857 N.E.2d 1255, ¶ 12 (10th Dist.). Courts have adopted this doctrine on the basis of "the notice that certain risks are so inherent in some activities that they cannot be eliminated." *Id.* quoting *Collier v. Northland Swim Club,* 35 Ohio App.3d 35, 37, 518 N.E.2d 1226 (10th Dist.1987). Finally, "primary assumption of the risk has nothing to do with [an Appellant's] conduct." *Cremeans v. Willmar Henderson Mfg. Co.,* 3rd Dist. Union No. 14-85-5, 1989 WL 98426, * 1 quoting *Mima v. City of Akron,* 31 Ohio App.3d 124, 125, 508 N.E.2d 974 (9th Dist.1986).

**{¶13}** While Appellants attempt to frame the issue before the Court as "whether the activity of participating in a Memorial Day parade is inherently

dangerous," we find that the proper issue before us is whether sitting on an unsecured wooden chair on a moving aluminum flatbed trailer is an inherently dangerous activity to which primary assumption of the risk may apply.

*Danger is Ordinary to the Activity*

{¶14} Under the first prong of the primary assumption of risk defense, we must determine whether or not the danger is ordinary to the activity. Similar to the facts in the case before us, in *Lawrence v. Toledo Terminal R. Co.,* the Plaintiff sat upon an inverted bucket which was located in the left rear corner of a trailer (being towed by a truck) containing a load of furniture. *Lawrence v. Toledo Terminal R. Co.,* 154 Ohio St. 335, 336, 96 N.E.2d 7 (1950). As the truck and trailer approached a set of railroad tracks, the Plaintiff noticed an oncoming train and stood up. *Id.* From this position the Plaintiff either jumped or was thrown from the trailer in the path of the train, and his legs were crushed.[1] *Id.*

{¶15} Akin to the facts set forth in *Lawrence,* John Wagner was sitting on an unsecured wooden folding chair on a flatbed trailer being towed by a truck that could "easily overturn and also be likely to slide about on the floor of the trailer.[2]" *Id.* at 339. The logical nexus of a chair overturning and/or sliding about a *moving*

---

[1] While we are aware that the Plaintiff's injury in *Lawrence* occurred from a standing position, the Ohio Supreme Court did analyze the inherent danger in sitting upon an unsecured apparatus on a moving trailer.
[2] While the *Lawrence* decision preceded tort reform in Ohio, we find that the type of activity and the analysis regarding the danger that could result from participation in said activity (sitting on an unsecured bucket that had the potential to slide and overturn) pertinent to the facts at hand.

flatbed trailer presents the potential for a fall, which is exactly what happened (to John) in this case. Accordingly, we find that a risk of falling is a danger ordinary to the activity of sitting on an unsecured chair while riding on an aluminum flatbed trailer that is being towed by a truck. Thus, we find the first prong of the primary assumption of the risk test is satisfied herein.

*Common Knowledge that the Danger Exists*

{¶16} In analyzing the second prong of the primary assumption of the risk test, we must determine whether it is common knowledge that a potential for danger exists when sitting on an unsecured wooden chair when riding on a towed flat-bed trailer. John Wagner's testimony reveals his awareness of the potential that unsecured items on the moving trailer could tip or fall over, as evidenced by this exchange:

> **Q.   (Cross-Examination by Attorney Fitzgerald) And, in fact, you brought the spray of flowers; correct?**
>
> **A.   (John Wagner) Yes.**
>
> **Q.   And you said that you had to tie that flower arrangement down on the float?**
>
> **A.   No.  Someone else tied down the wrought iron stand that it was on.**
>
> **Q.   That, that the flowers were on?**
>
> **A.   Yes, right.**
>
> **Q.   Well why would they do that?**

**A.  Attorney Evans:  Objection, speculation.**

**Q.  No.**

**A.  Attorney Evans:  You can answer if you know.**

**Q.  Why do you think they did that?  I apologize, go ahead.**

**A.  Why do I think so?**

**Q.  Yes.**

**A.  They were probably afraid it would tip over.**

(John E. Wagner Dep., 11/09/2016 Tr. at 243).

{¶17} Furthermore, it is common knowledge that a flatbed trailer is neither designed nor built to transport people, only secured objects.  Thus, a person is put in danger when sitting on an unsecured chair on a flatbed trailer that is being towed.  Accordingly, the second prong of the primary assumption of the risk test is satisfied.

*Injury Occurs as a Result of the Danger*
*During the Course of the Activity*

{¶18} The third part to the primary assumption of the risk test involves the question of whether the claimed injury occurred during the course of engaging in the participated activity.  In this case there is no dispute that John Wagner's injuries occurred as a result of being thrown off the trailer, and such fall took place during the course of the activity in which he participated.

{¶19} While we are sympathetic to Mr. Wagner, we find that the three prongs of the primary assumption of the risk test have been satisfied in this case.

{¶20} Accordingly, we hold that the act of sitting on an unsecured wooden folding chair on an aluminum flatbed trailer being towed by a pickup truck is an inherently dangerous activity in which Appellant John Wagner assumed the risk of injury. And, under the defense of primary assumption of the risk in this case, the Appellees owed no duty to John Wagner. Therefore, as a matter of law, Appellees are not liable for the injuries incurred by John Wagner resulting from his fall from the flatbed trailer.

{¶21} Thus, the summary judgment decision of the trial court was proper. Appellants sole assignment of error is therefore overruled.

{¶22} Having found no error prejudicial to the Appellants herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**