STUMP, APPELLANT, *v.* PHILLIANS, APPELLEE.

(No. 38461—Decided June 2, 1965.)

211

Mr. *Ralph L. Humphrey, Messrs. Lane, Huggard & Alton* and *Mr. Jack R. Alton,* for appellant.
*Messrs. Wiles, Doucher, Tressler & Martin,* for appellee.

*Per Curiam.* An operator of a motor vehicle has control over its brake equipment and the maintenance thereof. He has a statutory duty to maintain the brakes in good working order at all times. Ordinary care is not sufficient to constitute compliance. An emergency caused by brake failure cannot serve as a legal excuse for defendant's failure to comply with the assured-clear-distance-ahead provision of Section 4511.21, Revised Code. *Spalding* v. *Waxler,* 2 Ohio St. 2d 1, paragraph six of the syllabus; *Bird* v. *Hart,* 2 Ohio St. 2d 9.

Defendant was negligent as a matter of law, and reasonable minds could conclude only that his negligence was the proximate cause of plaintiff's vehicle being struck. Therefore, the trial court should have directed a verdict in favor of plaintiff on the question of liability and submitted only the question of damages to the jury. *Kehrer* v. *McKittrick,* 176 Ohio St. 192; *Bird* v. *Hart, supra.*

*Judgment reversed.*

TAFT, C. J., MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.
ZIMMERMAN, J., dissents.