BASS, Appellant,

v.

LUCAS, Appellee, et al.

[Cite as *Bass v. Lucas* (1999), 131 Ohio App.3d 627.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 17212.

Decided Jan. 29, 1999.

628

*Ronald J. Maurer,* for appellant.

*Larry A. Smith* and *Michael J. Burdge,* for appellee.

F<small>AIN</small>, Judge.

Plaintiff-appellant Louise Bass appeals from a judgment rendered against her in her action against defendant-appellee Norma Lucas. Bass contends that the trial court erred when it submitted the defense of sudden emergency to the jury. We reluctantly agree, following *Moore v. Siebelt* (1966), 6 Ohio St.2d 115, 35 O.O.2d 135, 216 N.E.2d 62. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

I

Louise Bass was a passenger in a car being driven by Norma Lucas. As a result of a tire blowout, Lucas left the traveled portion of the roadway, striking a post. Bass was injured. Her damages were stipulated to be $100,000.

Two issues were raised in the trial court. Lucas sought an instruction on the defense of sudden emergency, contending that her tire blowing out was a sudden emergency excusing her leaving the roadway. Over Bass's objection, the jury was instructed on this defense.

The second issue arose from Bass's alleged failure to use a seatbelt. Lucas sought, unsuccessfully, to present this defense to the jury.

Following a jury trial, a verdict was returned in favor of Lucas, and judgment was entered accordingly. From the judgment of the trial court, Bass appeals.

II

Bass's sole assignment of error is as follows:

"The trial court erred to the prejudice of plaintiff–appellant by overruling plaintiff–appellant's motion for summary judgment and allowing a jury trial on sudden emergency and jury instructions on that defense."

Bass relies upon *Moore v. Siebelt* (1966), 6 Ohio St.2d 115, 35 O.O.2d 135, 216 N.E.2d 62, for the proposition that a tire blowout is not a proper basis for the defense of sudden emergency. We reluctantly agree.

*Moore v. Siebelt* is a one-paragraph, *per curiam* opinion, the entire text of which is as follows:

"Defendant failed to comply with the assured-clear-distance-ahead provision of Section 4511.21, Revised Code. An emergency caused by tire failure cannot serve as a legal excuse for such noncompliance. The trial court was in error in charging the jury on sudden emergency. The judgment of the Court of Appeals is reversed. *Stump v. Phillians* [1965], 2 Ohio St.2d 209 [31 O.O.2d 413, 207 N.E.2d 762]; *Bird v. Hart* [1965], 2 Ohio St.2d 9 [31 O.O.2d 5, 205 N.E.2d 887];

*Spalding v. Waxler* [1965], 2 Ohio St.2d 1 [31 O.O.2d 1, 205 N.E.2d 890]. See *Kehrer v. McKittrick* [1964], 176 Ohio St. 192 [27 O.O.2d 82, 198 N.E.2d 669]." *Id.* at 116, 35 O.O.2d at 136, 216 N.E.2d at 63.

Lucas contends that *Moore v. Siebelt* should be distinguished. She contends that the alleged negligence in that case was failure to comply with the assured-clear-distance provision, unlike this case, in which the alleged negligence was predicated on R.C. 4511.39, which provides:

"No person shall * * * move right or left upon a highway unless and until such person has exercised due care to ascertain that the movement can be made with reasonable safety nor without giving an appropriate signal in the manner hereinafter provided."

Lucas moved to the right, leaving the traveled portion of the roadway, striking a pole. There is no question that she failed to ascertain that this movement could be made with reasonable safety.

Bass seeks to be excused from the duty of not moving to the right or left without first ascertaining that the movement can be made with safety, upon the grounds that the tire blowout was a sudden emergency. While we would otherwise find Bass's argument persuasive, we cannot distinguish this case from *Moore v. Siebelt.* Although the duty in *Moore v. Siebelt* was different—the duty to maintain an assured clear distance ahead—we cannot regard that difference as significant. In each case, an attempt is being made to be excused from a statutory duty by virtue of a sudden emergency represented by a tire blowing out. The difference in the duty from which the defendant is seeking to be excused is immaterial.

Lucas also seeks to distinguish *Moore v. Siebelt* upon the grounds that the facts recited in the preamble of that opinion suggest that the driver of the car in that case might have been negligent in the operation of her car before her tire blew out. The facts are recited in the first paragraph of the preamble, as follows:

"While plaintiff was riding in her automobile proceeding in the marked lane of travel nearest the center line of the street, the car was stopped preparatory to the making of a left turn into a private drive. While plaintiff's car was thus stopped, the defendant was operating her automobile in the same direction, in the same lane of traffic and following plaintiff's car. Upon observing plaintiff's car stopping and preparing to make a left turn, defendant turned her car to the right or curb lane in order to go around plaintiff's car. In the process of accomplishing this maneuver, during which time she did not apply her brake or lessen her speed, her left front tire blew out causing her to lose control of her car and causing the car to veer to the left and strike plaintiff's car, resulting in injuries to

plaintiff. The instant action is to recover damages for those injuries." *Id.* at 115–116, 35 O.O.2d at 135–136, 216 N.E.2d at 62–63.

Although the facts recited in the paragraph quoted above might have led the Supreme Court to a narrower holding, its actual holding is broad and unambiguous. That holding is unequivocally set forth in the second sentence of the opinion, quoted earlier.

We conclude that we cannot, in good conscience, distinguish *Moore v. Siebelt.* However, like Judge Cox in his concurring opinion in *Rehnberg v. Goodyear Tire & Rubber Co.* (Apr. 11, 1985), Cuyahoga App. No. 48783, unreported, 1985 WL 7952, we find ourselves in disagreement with the holding in *Moore v. Siebelt* and encourage the Supreme Court to revisit this subject. Lucas makes a good argument that the cases cited in *Moore v. Siebelt* are all brake-failure cases and that the driver of a car has a specific duty, pursuant to R.C. 4513.20, to have brakes capable of stopping within certain specified distances. As Lucas points out, there is no comparable statute regarding tires. Of course, this argument, while persuasive, is inconsistent with the holding in *Moore v. Siebelt,* which involved a tire failure. In effect, it is an argument that *Moore v. Siebelt* was wrongly decided. It is, of course, beyond our power to overrule *Moore v. Siebelt.*

Because the result we reluctantly come to in this case, following *Moore v. Siebelt* seems harsh to us, essentially adopting liability without fault, we encourage the Ohio Supreme Court to accept this case for review and revisit this issue.

Bass's sole assignment of error is sustained.

### III

Lucas offers a cross-assignment of error as follows:

"The trial court committed prejudicial error when it prevented the appellee from offering and the jury from considering evidence as to appellant's nonuse of a seatbelt."

We agree with Bass that Lucas's cross-assignment of error cannot be maintained in the absence of a cross-appeal. There is no cross-appeal.

App.R. 3(C)(1) provides as follows:

"A person who intends to defend a judgment or order against an appeal taken by an appellant and who also seeks to change the judgment or order or, *in the event the judgment or order may be reversed or modified, an interlocutory ruling merged into the judgment or order,* shall file a notice of cross appeal within the time allowed by App.R. 4." (Emphasis added.)

The decision of the trial court not to allow Bass's alleged failure to use a seatbelt to be submitted to the jury was an interlocutory ruling that merged into the judgment ultimately rendered in favor of Lucas. Accordingly, the attempt to

change that interlocutory ruling in the event that the judgment into which that ruling has been merged should be reversed requires a cross-appeal. Therefore, we agree with Bass that this cross-assignment of error is not properly before us.

■ In passing, we would note that were the issue before us, we would agree with Bass that the statute in effect at the time of the accident would govern this issue and that the statute prohibited consideration of an injured person's failure to wear a seatbelt as evidence of negligence or contributory negligence, or as evidence supporting the diminution of a recovery for damages in a civil action arising from the operation of an automobile. We agree with Bass that the subsequent amendment of that statute to permit consideration of a party's failure to use a seatbelt for purposes of comparative negligence cannot properly be applied in this case, the accident having occurred before the enactment of that amendment.

Lucas's sole cross-assignment of error is overruled.

## IV

Bass's sole assignment of error having been sustained, and Lucas's sole cross-assignment of error having been overruled, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

GRADY, P.J., and BROGAN, J., concur.