CRAIG et al., Appellants,

v.

WOODRUFF, Appellee.

[Cite as *Craig v. Woodruff* (2000), 140 Ohio App.3d 596.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 76746.

Decided Dec. 4, 2000.

*R. Jack Clapp & Assoc.* and *Timothy A. Ita,* for appellants.

*William, Sennett & Scully Co.,* and *Adam E. Carr,* for appellee.

---

ANNE L. KILBANE, Judge.

This is an appeal from a jury verdict following a trial before Judge Bridget M. McCafferty. Appellants Dolores and Frank Craig were awarded damages for the personal injuries sustained by Mrs. Craig but claim they were prejudiced by testimony on her non-use of a seat belt to show comparative or contributory negligence, evidence on the negligence of a non-joined third-party driver, and exclusion of an itemized damage interrogatory. We agree, vacate the judgment, and remand for a new trial.

On September 1, 1996, Craig, with his wife as a passenger, was driving a pickup truck north on East 9th Street toward its intersection with Carnegie Avenue in Cleveland. Appellee Moses Woodruff, driving east on Carnegie, failed to stop for the red traffic signal controlling east traffic at East 9th, entered the intersection, and caused his vehicle to collide with the Craigs' truck. As a result of this collision, Mrs. Craig sustained severe injuries, including a comminuted fracture of her left clavicle, which, eventually, resulted in shoulder surgery on March 24, 1997, because of an impingement syndrome.

On August 29, 1998, the Craigs filed their complaint against Woodruff, each claiming both personal injury and loss of consortium, although Craig was not injured. Woodruff's answer contained a general denial and nine affirmative defenses, including allegations of comparative negligence based upon the amended R.C. 2315.19 as contained in H.B. No. 350, effective January 27, 1997.[1] In his June 7, 1998 final pretrial statement, Woodruff admitted negligence as the cause

---

1. Subsection (G) of the statute specified that it applied to any civil action commenced after January 27, 1997, regardless of when the cause of action accrued.

of the collision but specifically identified Mrs. Craig's failure to wear a seat belt as contributory negligence and an issue in dispute. In his June 17, 1998 trial brief, Woodruff alleged that Mrs. Craig's failure to wear a seat belt was a violation of R.C. 4513.263[2] and the direct and proximate cause of her injuries.

On June 23, 1999, the Craigs filed a motion *in limine* to exclude any testimony on Mrs. Craig's seat–belt use, arguing that a reference to non-use in a medical record should be inadmissible because she had testified that she was belted at the time. The Craigs argued that the jury should not consider the failure to use a seat belt otherwise allowed under R.C. 4513.263. The judge conducted a hearing regarding this motion and certain pretrial issues, and denied the Craigs' motion.

During trial, the Craigs produced evidence that Mrs. Craig's medical expenses, including physical therapy, totaled $9,545.29. Through the cross-examination of the treating physician, Dr. Armondo Avolio, Woodruff pursued the theory that Mrs. Craig was comparatively negligent for failing to wear her seat belt at the time of the collision.

At the conclusion of all of the testimony, the Craigs moved for a directed verdict on the issues of seat-belt use, proximate cause, and the negligence of a non-party, all of which were denied. The Craigs also objected to the jury instructions on the issue of comparative negligence and to the judge's exclusion of their proposed interrogatory that purported to itemize each element of damages.

Seven of the eight jurors returned a general verdict in favor of Mrs. Craig in the amount of $20,000 and in favor of Mr. Craig in the amount of $5,000, and in the accompanying interrogatories found that Mrs. Craig was negligent and/or had assumed the risk of injury, found such to be a proximate cause of her injuries, and attributed fifty percent of the total negligence to her and fifty percent to Woodruff. After considering the stipulated setoff of $1,396.75 for previously paid medical bills, the judge entered judgment on the verdict in the amount of $8,603.25 in favor of Mrs. Craig and $5,000 in favor of her husband.

The Craigs' first seven assignments of error challenge the judge's rulings regarding the introduction of evidence about Mrs. Craig's alleged non-use of a seat belt for the purpose of showing her comparative negligence that proximately caused her injuries. The eighth assignment of error challenges the introduction of evidence regarding the possible negligence of a third-party driver who had not been joined in the action, and the ninth assignment of error challenges the exclusion of a special, itemized damage interrogatory requested by the Craigs. The first assignment of error is dispositive of this appeal[3]:

---

2. H.B. No. 350 was silent on whether R.C. 4513.263 was retroactive.

3. The remaining eight assignments of error are reproduced in the appendix of this opinion.

"The trial court erred in overruling plaintiffs' *motion in limine*, trial objections and motion for directed verdict and in its instructions to the jury insofar as the court erroneously and prejudicially permitted the jury to consider the issue of plaintiff Dolores Jean Craig's alleged non–use of a seatbelt as comparative or contributory negligence in light of the fact that, even if subsequent statutory amendments to O.R.C. 4513.263 were properly applied retroactively to plaintiffs' claim in this matter, the legislation, commonly referred to as H.B. 350, which purported to amend O.R.C. 4513.263 as to the seatbelt issue, was itself unconstitutional and otherwise without effect."

■ The Craigs argue that, since the trial, the Supreme Court of Ohio has effectively negated the seat-belt evidence rule found in R.C. 4513.263(F) as amended by Am.Sub.H.B. No. 350. Moreover, because this action accrued before the effective date of H.B. No. 350, the judge should have applied the prior version of the statute that precluded the admission of such evidence to show negligence or contributory negligence. They contend that the evidence of Mrs. Craig's alleged non-use of her seat belt permeated jury voir dire, the trial, and instructions, and that the judgment must be vacated and a new trial ordered. Woodruff, on the other hand, asserts that this statute remains unaffected by the Supreme Court decision finding H.B. No. 350 unconstitutional *in toto*.

The Craigs' first assignment of error has merit. Prior to the adoption of H.B. No. 350, R.C. 4513.263(F)(1) provided as follows:

"[T]he failure of a person to wear all of the available elements of a properly adjusted occupant restraining device or to ensure that each passenger of an automobile being operated by the person is wearing all of the available elements of such a device, in violation of division (B) of this section, *shall not be considered or used as evidence of negligence or contributory negligence, shall not diminish recovery for damages in any civil action involving the person arising from the ownership, maintenance, or operation of an automobile,* shall not be used as a basis for a criminal prosecution of the person other than a prosecution for a violation of this section, and shall not be admissible as evidence in any civil or criminal action involving the person other than a prosecution for a violation of this section." (Emphasis added.)

Am.Sub.H.B. No. 350 amended this section to require the trier of fact to consider the failure of a person to use a properly adjusted occupant restraining device as contributory negligence and to diminish recovery for compensatory damages if the failure contributed to the harm alleged. Two months after the trial in the present matter, the Supreme Court concluded that Am.Sub.H.B. No. 350 violates the one-subject provision of Section 15(D); Article II of the Ohio Constitution, and is unconstitutional *in toto*. *State ex rel. Ohio Academy of Trial Lawyers v. Sheward* (1999), 86 Ohio St.3d 451, 715 N.E.2d 1062, paragraph three

of the syllabus. Regardless of the timing of this decision, the motor vehicle accident at issue occurred prior to the effective date of the amendment to R.C. 4513.263 and, therefore, evidence of Mrs. Craig's alleged non-use of a seat belt was not admissible to show her negligence or contributory negligence. See *Bass v. Lucas* (1999), 131 Ohio App.3d 627, 632, 723 N.E.2d 185; *Shaker Auto Lease, Inc. v. Cleveland Hts.* (June 19, 1997), Cuyahoga App. No. 72022, unreported, 1997 WL 337632.

An error in the admission of evidence may be considered harmless and will not constitute grounds for granting a new trial if it does not affect the substantial rights of the parties. Civ.R. 61. Generally, in order to find that substantial justice has been done to an appellant so as to prevent reversal of a judgment for errors occurring at the trial, the reviewing court must not only weigh the prejudicial effect of those errors but also determine that, if those errors had not occurred, the jury or other trier of the facts would probably have made the same decision. *Hallworth v. Republic Steel Corp.* (1950), 153 Ohio St. 349, 41 O.O. 341, 91 N.E.2d 690, paragraph three of the syllabus. Because the main issue at trial was the Craigs' damages, we cannot conclude that the jury would have made the same decision without the introduction of the seat-belt testimony as it related to those damages, including Craig's loss of consortium claim. Because the first assignment of error is dispositive of this appeal, we will not address the merits of the remaining eight assignments of error as they are moot. App.R. 12(A)(1)(c).

*Judgment vacated*
*and case remanded for a new trial.*

JOHN T. PATTON, P.J., and PATRICIA ANN BLACKMON, J., concur.

## APPENDIX

"II. the trial court erred in overruling plaintiffs' motion in limine, trial objections and motion for directed verdict and in its instructions to the jury insofar as the court erroneously and prejudicially permitted the jury to consider the issue of plaintiff Dolores Jean Craig's alleged nonuse of a seatbelt as comparative or contributory negligence in light of the fact that statutory law (O.R.C. 4513.263) applicable as of the date of the collision and the date the claim arose precluded seatbelt usage as an issue whatsoever, and the court improperly and retroactively applied subsequent amendments to said statute that materially and prejudicially affected substantive rights of the plaintiffs.

"III. The trial court erred in overruling plaintiff's motion *in limine*, trial objections and motion for directed verdict and in its instructions to the jury insofar as the court erroneously and prejudicially permitted the jury to consider the issue of plaintiff Dolores Jean Craig's alleged nonuse of a seatbelt as comparative or contributory negligence in light of the fact that the defendant had failed to raise and/or plead in his answer and therefore waived any affirmative defense based upon either a seatbelt defense or issue or based upon any relevant statutory law regarding seatbelt use or nonuse.

"IV. the trial court erred in overruling plaintiffs' motion in limine, trial objections and motion for directed verdict and in its instructions to the jury insofar as the court erroneously and prejudicially permitted the jury to consider the issue of plaintiff Dolores Jean Craig's alleged nonuse of a seatbelt as comparative or contributory negligence in light of the fact that the defendant, who bore the burden of proof on the issue, failed to present sufficient evidence, medical, expert or otherwise, as to any proximate cause or degree of injury to plaintiff Dolores Jean Craig attributable to her alleged nonuse of a seatbelt.

"V. The jury verdict as to the degree of comparative negligence assigned to plaintiff Dolores Jean Craig was against the manifest weight of the evidence and contrary to law in light of the fact that there was not sufficient evidence for a jury to permissibly determine any proximate cause or degree of injury to plaintiff Dolores Jean Craig attributable to her alleged nonuse of a seatbelt, and in particular to support a finding of 50% comparative negligence.

"VI. The trial court erred in permitting certain inadmissible and prejudicial introduction of and questioning regarding hearsay references in certain medical records with no other foundation, testimony or interpretation of same other than that of defense counsel.

"VII. The trial court prejudicially erred in excluding and overruling reference to and/or introduction of the police report and/or certain excerpts of same regarding seatbelt usage by the plaintiff Dolores Jean Craig, particularly in light of the fact that the court permitted defense counsel to introduce and engage in questioning regarding hearsay references in certain medical records with no other foundation, testimony or interpretation of same other than that of defense counsel.

"VIII. The trial court erred in overruling trial objections and plaintiffs' motion for directed verdict and in its instructions to the jury insofar as the court erroneously and prejudicially permitted the jury to consider the issue of the alleged comparative or contributory negligence of a non–joined third party driver (Malovrh).

"IX. The trial court erred in overruling plaintiffs' request for and tender of an itemized damage interrogatory to the jury in addition to the general verdict form."