OPINION
{¶ 1} Plaintiffs-appellants, Adam W. Crum, Jr., and his wife Udell Crum, appeal from a judgment of the Franklin County Court of Common Pleas awarding judgment in favor of defendant-appellee, Guittan Walters, on appellants' negligence claim against appellee. Because the trial court erred in admitting evidence of Adam Crum's failure to wear his seat belt at the time of the accident, we reverse that judgment.
 {¶ 2} On October 1, 1998, Adam W. Crum, Jr. ("Crum") was operating his automobile at or near the intersection of South Hamilton Road and Refugee Road in Columbus, Ohio. Crum was stopped at an intersection waiting for the traffic signal to change from red to green. Appellee was also stopped in her vehicle immediately behind Crum. When the traffic light turned green, Crum began to move forward. But he had to stop abruptly when an ambulance entered the intersection. Appellee's car then hit the rear of Crum's vehicle.
 {¶ 3} Crum and appellee got out of their cars apparently unhurt. Columbus Police Officer David McGuire came upon the scene and investigated the accident. In his accident report, Officer McGuire noted there were no injuries reported at the scene and no ambulance was requested. He also indicated that appellee sustained property damage to the front, left area of her car, while Crum's vehicle had some light damage to the rear bumper. Officer McGuire further noted that Crum was not wearing a seat belt at the time of the accident. Crum and appellee were both able to drive their cars away.
 {¶ 4} In the next few days, however, Crum began experiencing headaches, back, neck, shoulder and leg pain, ringing in his ears and jaw clicking, although he did not miss any work as a result of these alleged injuries. Subsequently, Crum visited a chiropractor 43 times between October 1998 and March 1999, and also went to a dentist a few times for treatment of these injuries.
 {¶ 5} By complaint filed April 9, 2001, appellants initiated the present suit, claiming they had been injured due to appellee's negligent operation of her car. Appellee did not contest that she was negligent. But appellee disputed that her negligence proximately caused appellants' alleged injuries.
 {¶ 6} The matter proceeded to a jury trial. Appellants presented Crum's chiropractor and dentist who both testified that Crum's injuries were proximately caused by the accident. They also testified to the nature and extent of Crum's injuries, the permanency of those injuries, and the medical bills Crum incurred as a result of those injuries. Crum testified about his physical condition both before and after the accident, as well as the pain he suffered from his injuries. At the conclusion of the case, the jury returned a verdict in favor of appellee. Appellants' post-trial motions for a directed verdict, a new trial, judgment notwithstanding the verdict, and/or additur were all denied by the trial court.
 {¶ 7} Appellants now appeal, assigning the following errors:
 {¶ 8} "1. The trial court erred in admitting into [sic] allowing Appellee to question witnesses whether Appellant was wearing a seat belt evidence [sic] at the time of the collision.
 {¶ 9} "2. The trial court abused its discretion in allowing Appellee to cross-examine Appellant with a statements [sic] recorded by someone other than the witness contained in an unauthenticated medical report.
 {¶ 10} "3. The trial court abused its discretion in improperly limiting the testimony of Appellant's treating physician including excluding the testimony of a licensed chiropractor on how the forces of a car collusion produce a hyper-extension flexion injury.
 {¶ 11} "4. Trial court erred in giving a confusing instruction concerning life expectancy, in refusing to take judicial notice of life expectancy, and in refusing to read life expectancy as part of jury instructions.
 {¶ 12} "5. Trial court abused its discretion in allowing Appellee to cross examine Mr. Crum about what medical opinions his treating physician purportedly told him about his injuries.
 {¶ 13} "6. The trial court erred in failing to grant a new trial pursuant to Civil R.59 or a judgment NOV where in an action to recover damages, negligence was stipulated, and the verdict for the Appellee-defendant cannot be reconciled with the undisputed medical evidence of the case,. [sic] The verdict should be set as being manifest against [sic] the weight of the evidence and contrary to law which was caused by the passion of the jury that were [sic] inflamed by Appellee."
 {¶ 14} Appellants contend in their first assignment of error that the trial court improperly allowed testimony regarding Crum's failure to wear a seat belt at the time of the accident. Over appellants' objections, appellee was allowed to question Crum and Officer McGuire about Crum's use of a seat belt at the time of the accident. Although Crum never actually answered the question, Officer McGuire testified that his accident report indicated that Crum was not wearing a seat belt when the accident occurred.
 {¶ 15} The admissibility of evidence regarding the use of a seat belt is governed by R.C. 4513.263(F). The version of R.C. 4513.263(F) applicable here provided that:
 {¶ 16} "* * * [T]he failure of a person to wear all of the available elements of a properly adjusted occupant restraining device or to ensure that each passenger of an automobile being operated by the person is wearing all of the available elements of such a device, in violation of division (B) of this section, shall not be considered or used as evidence of negligence or contributory negligence, shall not diminish recovery for damages in any civil action involving the person arising from the ownership, maintenance, or operation of an automobile, shall not be used as a basis for a criminal prosecution of the person other than a prosecution for a violation of this section, and shall not be admissible as evidence in any civil or criminal action involving the person other than a prosecution for a violation of this section." (Emphasis added.) See, also, Rivera v. Overman (July 5, 2001), Cuyahoga App. No. 78013.
 {¶ 17} This prior version of R.C. 4513.263(F) prohibited the admission of evidence of a person's failure to wear a seat belt to prove negligence or contributory negligence, or to diminish recovery of damages in a civil action. Id.; Craig v. Woodruff (2000), 140 Ohio App.3d 596,599-600. Nevertheless, in the case at bar, the trial court permitted testimony concerning Crum's failure to wear his seat belt at the time of the accident. The trial court did not admit this testimony on the issue of Crum's comparative negligence. Rather, the trial court reasoned that testimony concerning Crum's failure to wear a seat belt was admissible to show that the collision could not have been the proximate cause of Crum's injuries because the force of the collision did not cause Crum to hit the dashboard or steering wheel. Appellee agrees with the trial court's logic and also argues that the testimony was admissible for impeachment purposes. See Braun v. Pikus (Feb. 25, 1993), Cuyahoga App. No. 61852. We disagree.
 {¶ 18} Former R.C. 4513.263(F) expressly prohibits the admission of evidence of a person's failure to use a seat belt "in any civil or criminal action involving the person other than a prosecution for a violation of this section." Id. Therefore, such testimony could not be admitted to prove the proximate cause of Crum's injuries or the severity of the collision.
 {¶ 19} Moreover, appellee's contention that the testimony was offered to impeach Crum is not persuasive. First, after appellants objected to this testimony, appellee's trial counsel stated that Crum's failure to wear a seat belt went to the issue of comparative negligence. In fact, after the presentation of evidence, appellee's counsel requested a jury instruction on comparative negligence based on Crum's failure to wear a seat belt.
 {¶ 20} Second, Crum never testified that he was wearing his seat belt at the time of the accident. Appellee argues that Crum's failure to wear his seat belt impeached Crum's alleged statement to his dentist that appellee's vehicle was traveling 35 miles per hour when it hit the rear of his car. However, testimony that Crum was not wearing his seat belt does not impeach this alleged statement — particularly given that Crum also allegedly told his dentist that the impact caused him to strike his head on the interior roof and to be bounced around in the car. Moreover, at trial, Crum testified that he thought appellee was driving slower than 35 miles per hour when she hit his car. We, therefore, reject appellee's contention that testimony regarding Crum's failure to wear his seat belt was admissible for impeachment purposes.
 {¶ 21} Appellee's reliance on Braun, supra, is also misplaced. In Braun, defense counsel implied in the questioning of plaintiff that emergency room records indicated plaintiff was not wearing a seat belt at the time of the accident. Although the court noted that such evidence could be used for impeachment purposes, the court found that the evidence was not properly admitted to impeach plaintiff. Nevertheless, the court found that the admission of such evidence was harmless because the emergency room records about which plaintiff was asked clearly indicated that plaintiff was wearing a seat belt at the time of the accident and because comparative negligence was not an issue in plaintiff's trial.
 {¶ 22} Here, appellee also contends that any error in allowing testimony about Crum's failure to wear his seat belt was harmless because appellee stipulated to negligence, and because the jury was never instructed on the issue of contributory negligence. Appellee is correct that, even if a trial court errs in admitting evidence, such error provides a basis for reversal on appeal only upon a demonstration that its admission affected a substantial right or was inconsistent with substantial justice. Civ.R. 61; Cincinnati v. Banks (2001),143 Ohio App.3d 272, 290; Ballash v. Ohio Dept. of Trans. (Feb. 19, 2002), Franklin App. No. 01AP-668. Such error is considered harmless if it can be said that, in the absence of the error, the "trier of the facts would probably have made the same decision." Hallworth v. Republic Steel Corp. (1950), 153 Ohio St. 349, paragraph three of the syllabus; Craig, supra.
 {¶ 23} We cannot say, however, that the admission of Officer McGuire's seat belt testimony was harmless error in this case. The jury twice heard evidence of Crum's failure to wear a seat belt. Given the relatively minor impact involved in the accident, the jury could have believed that Crum would not have been injured if he had been wearing his seat belt. This is an inference prohibited by former R.C. 4513.263(F). Even though the jury was not instructed on contributory negligence, the jury may have been influenced by the suggestion that Crum was responsible for his own injuries. In fact, based on appellee's trial counsel's statements, this is exactly why the evidence was introduced, notwithstanding appellee's arguments on appeal. Because the seat belt testimony may have affected the jury's decision on proximate cause or the nature and extent of appellants' injuries, the only contested issues at trial, we cannot conclude that the jury would probably have reached the same decision without the introduction of the seat belt evidence. Craig, supra. Accordingly, we find that the admission of evidence concerning Crum's failure to wear his seat belt was not harmless error. We, therefore, sustain appellants' first assignment of error.
 {¶ 24} Our disposition of appellants' first assignment of error renders appellants' second through sixth assignments of error moot. App.R.12(A)(1)(c). Having sustained appellants' first assignment of error, we remand this matter for further proceedings consistent with this opinion.
Judgment reversed and case remanded.
BRYANT and LAZARUS, JJ., concur.